UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                              Docket NO. 4:20 CR 40050

PEDRO HERNANDEZ-CASTILLO

---

### DEFENDANT'S SENTENCING MEMORANDUM

---

The Defendant, Pedro Hernandez-Castillo, submits this memorandum to assist the Court at sentencing and to support his request for a sentence below that suggested by the sentencing guidelines. For the reasons set out below, the Court should impose a sentence of 48 months.

Mr. Hernandez-Castillo readily acknowledges that his request of a 48 month sentence is an extraordinary request, given the United States Sentencing Guidelines ("Guidelines") suggests a period of incarceration of 100-125 months.  Accordingly, he submits this memorandum to assist the Court in fashioning an appropriate sentence in light of the non-mandatory United States Sentencing Guidelines and the important statutory purposes of sentencing embodied in 18 U.S.C. § 3553(a).  In this memorandum, Mr. Hernandez-Castillo presents his argument in support of a sentence lower than the Guidelines in keeping with the sentencing factors set forth in 18 U.S.C. § 3553(a) and given the First Circuit's guidance that:

> The [Supreme] Court's decision in Gall [v. United States, 128 S. Ct. 586 (2007)], combined with its decisions in Kimbrough [v. United States, 128 S. Ct. 558 (2007)], and Rita [v. United States, 127 S. Ct. 2456 (2007)], makes clear that in the post-Booker

> world, district judges are empowered with considerable discretion in sentencing, as long as the sentence is generally reasonable and the court has followed the proper procedures.

See United States v. Taylor, 532 F.3d 68 (1st Cir. 2008).

As discussed below, Mr. Hernandez-Castillo respectfully suggests that the Court, post-United States v. Booker, 125 S. Ct. 738 (2005), exercise its "considerable discretion" and, in accordance with the purposes of the statutory provisions for sentencing as set forth in 18 U.S.C. § 3553(a)(2), and based upon the nature of the offense, determine that a sentence of 48 months is in the best interest of justice.

## FACTUAL BACKGROUND

On June 9, 2021, Mr. Hernandez-Castillo pleaded guilty to: (1) unlawful reentry of deported alien; (2) false representation of social security number; and (3) aggravated identity theft. As a result of a traffic stop by Massachusetts State Police on June 16, 2020, where the Defendant was driving a motor vehicle while operating an electronic device, it had to come to the attention of the state trooper that the driver of the vehicle did not match the physical characteristics of what was found in CJIS after running the name on the license produced to him by Mr. Hernandez-Castillo. PSR. para. 8. Additionally, Mr. Hernandez-Castillo had also given the officer a social security card of a person with the initials R.O.P. When asked to recite the social security number on the card, Mr. Hernandez-Castillo could not provide the requested information. When his photograph was taken and run through facial recognition software, it was discovered that Mr. Hernandez-Castillo had a Massachusetts driver's licenses under three different aliases and was then placed under arrest. It was not until his fingerprints were run during the booking process that authorities realized his real identity was, in fact, Pedro Hernandez-Castillo and that he had

been deported on four separate occasions: January 1999, June 2000, August 2011, and August 2018. PSR. para. 9-10.

Upon further investigation, it was found that Mr. Hernandez-Castillo had attempted to apply for a Walmart credit card in May of 2020 under the name and social security number of R.O.P., the same person's information which he had presented to the state trooper during the traffic stop in June of that year.  Authorities were able to locate the person with the initials R.O.P. and it was learned that R.O.P. had never been in Massachusetts, applied for a credit card here, nor given permission for Mr. Hernandez-Castillo to utilize his social security number.  Since then, Mr. Hernandez-Castillo has been detained in the Strafford County Department of Corrections in New Hampshire for the instant crimes.

Mr. Hernandez-Castillo makes no excuses for his behavior and accepts that he must be punished by a period of incarceration.   He asks that this Court take into account his age, physical well-being, his family support, as well as the non-violent nature of his crimes.

## ARGUMENT

**I.      A Sentence of 48 Months is an Appropriate Sentence in Light of the Sentencing Factors Listed Under 18 U.S.C. 3553(a).**

The Court is of course aware of the impact of United States v. Booker, 125 S.Ct. 738 (2005). The sentencing guideline range is no longer binding on the Court but is only one of seven factors to be considered in determining the sentence. Booker, 125 S. Ct. at 764-65. The other six factors are: (1) the nature and circumstances of the offence and the history and characteristics of the defendant; (2) the need for the sentence imposed to satisfy the statutory purposes of sentencing; (3) the kinds of sentences available; (4) any pertinent

Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparity between defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution. *Id.*; 18 U.S.C. § 3553(a)(1) – (3), (a)(5) – (7). In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. See United States v. John Jaber, 302 F. Supp. 2d 305, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment).

Perhaps even more important, however, is that Booker establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation:

> The Court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (Emphasis added).

### A. The History and Characteristics of the Defendant.  18 U.S.C. § 3553(a)(1).

Mr. Hernandez-Castillo comes from a loving but impoverished family in the Dominican Republic.  During the course of his life, family has remained central to Mr. Hernandez-Castillo.  He will readily concede that while his choices in life have disappointed his parents, he has remained a supportive and caring son.  Since his father past-away in 2018, and despite his incarceration, he remains in contact with his mother who he hopes to

care for in the Dominican Republic. His mother, who is 69, suffers from diabetes and depression and would greatly benefit from the return of her son.

Mr. Hernandez-Castillo also has a close relationship with his siblings and children, all of whom support Mr. Hernandez-Castillo's return to the Dominican Republic to support their mother. Exhibit A: Letter from Aneurys Hernandez. According to his daughter Wendellys Hernandez, "[m]y father is a happy man who treats everyone with love and respect. Whoever comes around him are filled with joy because of his positive energy." Exhibit B: Letter from Wendellys Hernandez. She also notes that her grandmother "is sick [and] all alone in the Dominican Republic and we all hope this can be over soon and my father can take care of my grandmother as well as his other two kids in the Dominican Republic." Exhibit B.

Mr. Hernandez-Castillo is familiar with how to care for his mother's diabetes as he was diagnosed with it in 1996. Currently, he receives 4 insulin shots a day and his physical well-being is monitored closely as he suffered nerve damage in his legs as a result of his diabetic condition. Mr. Hernandez-Castillo suffered with this condition throughout the pandemic which brought him extreme anxiety as diabetics are thought to be uniquely vulnerable to contracting and succumbing to COVID-19. Given these medical circumstances, Mr. Hernandez-Castillo's period of incarceration was more punishing than normal.

Upon regaining his liberty, Mr. Hernandez-Castillo looks forward to returning to the Dominican Republic to help his ailing mother and be with his 8 year old daughter.

## B. Seriousness of the Offense, To Promote Respect for the Law, and Provide Just Punishment for the Offense: 18 U.S.C § 3553(a)(2)(A).

Mr. Hernandez-Castillo has repeatedly entered this country after being deported and has rightfully pleaded guilty to illegal reentry. He recognizes that such actions deserve punishment. In deciding the length of sentence, Mr. Hernandez-Castillo asks the Court to consider that his reentry was motivated by family and employment. Admittedly, he has a past criminal record involving drug distribution. However, there is no indication that Mr. Hernandez-Castillo participated in such activities after his reentry. Instead, Mr. Hernandez-Castillo left the Dominican Republic because of the country's lack of "job opportunities and abundant poverty and violence." PSR, para. 74. While in the United States, Mr. Hernandez-Castillo was able to find consistent employment with his cousin in a construction company while living with his daughter Wendellys in Worcester. Being motivated by family and employment does not relieve Mr. Hernandez-Castillo of culpability, but it also cannot justify a sentence beyond 48 months.

In addition, Mr. Hernandez-Castillo has admitted to false representation of a social security number and aggravated identity theft in taking and using the personal information of another to allow him to live in the United States. Mr. Hernandez-Castillo used R.O.P.'s identifying information to apply for a credit card which was ultimately denied. Such one-time actions deserve punishment, but they do not evidence a sophisticated or large scale operation of identity theft that merits a punishment greater than 48 months.

### C. The Need for Deterrence and to Prevent Recidivism: 18 U.S.C. § 3553(a)(2)(B) and 18 U.S.C. § 3553(a)(2)(C).

Given the fact that Mr. Hernandez-Castillo has been deported on four separate occasions in a span of 20 years, the Court is understandably concerned that he will seek to reenter illegally once again. The Court should feel confident, however, that Mr. Hernandez-Castillo is in a fundamentally different place than he was the last time he reentered illegally.

First and foremost, the Defendant's request of a 48 month sentence is significantly greater than the 27 month sentence he last received for illegal reentry. Mr. Hernandez-Castillo recognizes that a repeat offender must suffer an increased penalty, and he is thus acutely aware that any future offense would be met with devastating increase in penalty.

Secondly, Mr. Hernandez-Castillo's period of incarceration will not only be severe in length but in kind. As noted above, Mr. Hernandez-Castillo has suffered from diabetes since 1996, but it appears to have worsened, with "nerve damage in his legs and cramps and numbness in his feet and legs." PSR, para. 76. Indeed, the institution where he is detained has "subjected [him] to a high level of monitoring" and "four insulin shots per day." Id. These challenges have been compounded by the threat that COVID-19 poses for all detainees, but especially diabetics. Such added difficulties combined with a substantial increase in duration makes the proposed sentence of 48 months adequate to deter Mr. Castillo from further crime.

Finally, Mr. Hernandez-Castillo is motivated to stay in the Dominican Republic for compelling family reasons. As substantiated by the accompanying letters, Mr. Hernandez-Castillo's mother is suffering from diabetes and depression. Exhibit C: Letter from Maria

Catalina Castillo.  The passing of Mr. Hernandez-Castillo's father in 2018 has left his 69-year-old mother without her primary support.  Exhibit D: Death Certificate of Pedro Aquiles Hernandez Santiago. It is Mr. Hernandez-Castillo's hope, as well as that of his siblings, that he return to the Dominican Republic to care for her, as well as himself.  Such a return will also allow Mr. Hernandez-Castillo to care for his only remaining minor child, his eight-year-old daughter, Wilmerie.

In sum, with a strong family motivation to stay in the Dominican Republic and the severity of a 48 month sentence, Mr. Hernandez-Castillo will not reoffend.

## **CONCLUSION**

Accordingly, on these facts, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by Mr. Hernandez-Castillo, does not require more than a period of 48 months of incarceration.

Respectfully Submitted,
PEDRO HERNANDEZ-CASTILLO,
By his attorney,

 _/s/ Sean M. Smith_
Sean Michael Smith (680510)
Murphy & Rudolf LLP
One Mercantile Street | Suite 740
Worcester, MA 01608
smith@murphyrudolf.com
Phone-508-425-6330
Fax- 508-536-0834

Dated: 9/24/21

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on.

*/s/ Sean M. Smith*
Sean M. Smith

# EXHIBIT A

Buenos Dias: señor Juez
Buenos Dias: a Todos los Demas

Señor Juez,
le escribo estas linas para Hablarle de mi hermano Pedro Wilson Hernández Castillo Que el es un honbre; con Diauetis y nos gustaria por fabor si uste le diera una ocportunida de que pronto estubiera con nuestra madre Que esta sola y sufre de la preción para Que el estubiera Cuidando de eya Ya Que yo estoy en proceso migratorio el es tranquilo y Ya el no bolvera mas a cometer los Errores. yo le pido Que porfabor nos de una Concideración a el y todas sus familia. pues le pido esa oportunida. Que tengan todos un lindo Dia. le escribe Aneurys Hernández.

Good afternoon: Mr. Judge

Good afternoon: Everyone else.

Mr. Judge,

     I am writing these lines to speak to you about my brother Pedro Wilson Hernandez Castillo. He is a man with diabetes, and we would like it if you would please allow the opportunity for him to be with our mother who is alone and suffers from pressure (high blood pressure?) so he can take care of her as I am in a migratory process. He is calm and he will no longer commit those errors. I ask that you please give consideration to him and to his family. And so, I ask for this opportunity. May you have a lovely day.

                                              Written by: Anuerys Hernandez

# EXHIBIT B

To whom it may concern,

    I, Wendellys Hernandez, am writing on the behalf of my father, Pedro Hernandez. My father is a happy man who treats everyone with love and respect. Who ever comes around him are filled with joy because of his positive energy. The Hernandez family are very family oriented therefore we try to be supportive of one another. We understand my fathers condition with Diabetes and it becomes a concern if not treated properly, this worries all of us especially my grandmother. My grandmother who is sick is all alone in the Dominican Republic and we hope this can be over soon and my father can take care of my grandmother as well as his other two kids in the Dominica Republic. I strongly recommend that Pedro Hernandez be considered in this situation and soon get to see his family.

Sincerely, Wendellys Hernandez

# EXHIBIT C

Yulma elia o=enae yula,
desde yula te escribo tre-
livia para afee si uste puede
a claerme la disbeta a mi ijo
que lotre sola cle me be una
paternida para que cle me a tienda
que letae ln fiernas de la presion
te la gribe su orabre maria Catalina Calitto

Good morning, Mr. Judge,

Mr. Judge,

    I write these lines to see if you will give my son freedom for I am alone. Allow me the opportunity for him to tend to me as I am sick of pressure (high blood pressure).

                                          His mother, Maria Catalina Castillo, writes to you.

# EXHIBIT D

## CERTIFICADO DE DEFUNCIÓN

**MINISTERIO DE SALUD PÚBLICA**
Dirección de Información y Estadística de Salud
Folio 2017 No. 094169

1. Cédula: 1-3-6-0-0-0-7-4-7-1-3-9
1.1. Nombre del fallecido: Primer nombre: Pedro; Segundo nombre: Aquiles; Apellido paterno: Hernández; Apellido materno: Santiago
4. Fecha de nacimiento: 2004-19-49 (illegible)
5. Edad cumplida: 68 años
8. Número de seguridad social: 544-178-3604
10.1. Provincia: Duarte; 10.2. Municipio: SFM
10.6. Calle y número: C/D #37, Ensanche Abreu
Padre: Hrasrecio Santos (illegible) Fernández; Madre: Catalina Castillo
15. Fecha de defunción: 05-10-2017, Hora: 6:00
17.1. Provincia: Duarte; 17.2. Municipio: SFM
17.6. Calle: C/D #37, Ensanche (illegible)
18. Causa de defunción:
  a. Cáncer colon
  b. Falla multiorgánica
24. Nombre del informante: Manela Acevedo P. — Parentesco: nuera
Cédula informante: 056-0117286-9-3
26.4. Nombre del certificante: Rosario Guzmán
26.5. Cédula: 056-0105176-5
26.7. Dirección: Villas Norte, Res. Dorada
26.8. Teléfono: 829-986-1148
26.9. Fecha: 05-10-2017